UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

ALIX C. BARRAU,

    Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.,

    Defendant.
_____/

CASE NO. 0:23-cv-62417

JURY TRIAL DEMANDED

## COMPLAINT

NOW comes ALIX C. BARRAU ("Plaintiff"), by and through the undersigned, complaining as to the conduct of EXPERIAN INFORMATION SOLUTIONS, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 *et seq*.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FCRA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1681p, 28 U.S.C. §§1331 and 1337(a), as the action arises under the laws of the United States.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Florida and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Florida.

**PARTIES**

4. Plaintiff is a natural person over 18 years-of-age residing in Plantation, Florida, which falls within the Southern District of Florida.

5. Defendant is a consumer reporting agency that maintains credit information on approximately 220+ million U.S. consumers and 40 million active U.S. businesses.[1] Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the state of Florida. Experian maintains its principal place of business at 475 Anton Boulevard, Costa Mesa, California.

**FACTS SUPPORTING CAUSE OF ACTION**

6. Prior to the events leading to the current cause of action, Plaintiff acquired a personal loan from Prosper Funding, LLC ("Prosper").

---

[1] https://www.experian.com/corporate/experian-corporate-factsheet.html

7. On or about April 20, 2023, Plaintiff brought an arbitration action against Prosper before the American Arbitration Association, alleging multiple violations of Florida law pertaining to Prosper's conduct regarding the loan.

8. On or about August 14, 2023, Plaintiff and Prosper entered into a settlement agreement regarding Plaintiff's arbitration action.

9. As part of the terms of the settlement agreement, Prosper agreed to waive the balance of the loan, and seek deletion of the pertinent trade line from Plaintiff's credit report.

10. Despite the terms of the settlement agreement, Plaintiff was surprised to see in October 2023 that the loan was still being reported on her credit reports.

11. Due to the inaccurate nature of the reporting and extent to which the loan should not be appearing on Plaintiff's credit reports, on or about December 1, 2023, Plaintiff initiated a credit dispute directly with Experian, and provided Defendant all relevant information demonstrating the absence of any obligation on the subject debt.

12. Upon information and belief, Prosper received notice of Plaintiff's disputes within five days of Plaintiff initiating the disputes with Experian. *See* 15 U.S.C. § 1681i(a)(2).

13. On or about December 5, 2023, Experian responded to Plaintiff's dispute by failing to reasonably investigate Plaintiff's dispute. Specifically, Defendant

represented that its investigation revealed that the subject debt was verified as being reported accurately, despite having been provided clear proof that the subject debt had been settled and was not owed.

14. Any reasonable investigation on the part of Defendant would have revealed that the loan had been settled, that a contract had been formed that waived the balance of the loan while calling for the loan's deletion from credit reports, and therefore the trade line should have been deleted accordingly.

15. As such, rather than conduct a reasonable investigation into Plaintiff's dispute and engage in their statutorily required investigative steps, Defendant simply continued to report and confirm the accuracy of the inaccurate trade line.

16. As such, despite having actual knowledge that the subject debt was being reported inaccurately after receiving Plaintiff's dispute, Defendant continued to report the subject debt with the negative information that should have been removed from Plaintiff's credit report.

17. The reporting of the Prosper trade line is patently inaccurate and materially misleading because it paints Plaintiff's creditworthiness in a false light.

**IMPACT OF INACCURATE INFORMATION IN PLAINTIFF'S CREDIT FILE**

18. The erroneous reporting of the subject account paints a false and damaging image of Plaintiff. Specifically, the inaccurate reporting of the subject account has had a significant adverse impact on Plaintiff's credit rating and creditworthiness

because it misleads creditors into believing that Plaintiff cannot honor her financial obligations, and thus is a high-risk consumer.

19. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to her ability to obtain financing and/or credit opportunities, and to regain a firm foothold on her creditworthiness, credit standing, and credit capacity.

20. As a result of the conduct, actions, and inactions of Defendant, Plaintiff has suffered various types of damages as set forth herein, including specifically, out of pocket expenses, including the loss of credit opportunity, decreased credit score, time spent tracking the status of her disputes, monitoring her credit files, and mental and emotional pain and suffering.

21. Due to the conduct of Defendant, Plaintiff was forced to retain counsel to correct the inaccuracies in her credit files.

### COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

22. Plaintiff restates and realleges paragraphs 1 through 21 as though fully set forth herein.

23. Defendant is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

24. Defendant is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

25. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

26. At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

27. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

28. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

29. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

30. Plaintiff provided Defendant with all relevant information in her December request for investigation to reflect that the loan had been waived, and should have been deleted from her reports.

31. Defendant failed to reasonably investigate Plaintiff's dispute in response to such dispute. Despite the clear nature of the inaccurate reporting, Defendant

nevertheless advised as to the accuracy of the reporting. Further, Defendant prepared Plaintiff's credit reports containing inaccurate and materially misleading information by reporting the subject account as past due with a balance owed, when in fact, the subject debt had been paid in full. Defendant's carelessness in this regard is illustrated by the brevity of the period between the dispute initiation and response. Defendant verified the inaccurate reporting only 4 days after being notified of the dispute and being provided evidence of the settlement. Had Defendant taken its time and conducted a reasonable investigation in which it actually reviewed Plaintiff's evidence, it would have found the reporting to be inaccurate.

32. Defendant violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, Defendant prepared patently false and materially misleading consumer reports concerning Plaintiff.

33. Defendant violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit files.

34. Defendant violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the subject debt.

Specifically, despite Plaintiff providing clear evidence of the settlement agreement, Defendant did not review the evidence.

35. Defendant violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's disputes.

36. Defendant violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from Prosper that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

37. Defendant knew that the inaccurate reporting of the subject account in Plaintiff's credit files under the Prosper trade line as in collections and with a balance due would have a significant adverse impact on Plaintiff's credit worthiness and her ability to receive financing and/or credit opportunities.

38. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

39. Despite actual knowledge that Plaintiff's credit files contained erroneous information, Defendant readily sold Plaintiff's inaccurate and misleading reports to one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

40. By deviating from the standards established by the credit reporting industry and the FCRA, Defendant acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

41. It is Defendant's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

42. Defendant's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting her credit information accurately.

43. Defendant acted reprehensively and carelessly by reporting and re-reporting Plaintiff as continually in collections after Plaintiff put Defendant on notice that she was not obligated to pay the subject account.

44. Defendant has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

45. As stated above, Plaintiff was severely harmed by Defendant's conduct.

WHEREFORE, Plaintiff, ALIX C. BARRAU, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d. Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

Dated: December 28, 2023

Respectfully Submitted,

*/s/ Alexander J. Taylor*
Alexander J. Taylor, Esq.
Florida Bar No. 1013947
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 South Highland Avenue
Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com